The Honorable Randall W. Morley City Attorney P.O. Box 5757 North Little Rock, AR 72119
Dear Mr. Morley:
This is in response to your request for an opinion pursuant to A.C.A. § 25-19-105(c)(3)(B) (Adv. Code Serv. 1991), which is part of the Arkansas Freedom of Information Act ("FOIA"). Your specific question is as follows:
 Whether the internal affairs files of a police department, generated as a result of internal investigations into the conduct of officers in performance of official duties, are exempt from disclosure under the Arkansas Freedom of Information Act, assuming the officers are not disciplined for their conduct? More specifically, are these files employee evaluations or job performance records under A.C.A. Section 25-19-105(c)(1)?
This office has previously stated, in various factual contexts, that internal investigation records involving specific incidents and specific employees constitute job performance records and/or preliminary notes and other materials relating to the performance records, where they detail the actions of employees within the scope of their employment. See Att'y Gen. Op. Nos. 91-003, 89-073, 89-036, and 88-162. These records will generally be exempt from disclosure under A.C.A. § 25-19-105(c)(1) where there has been no final administrative resolution of any suspension or termination proceeding.
The term "job performance record" has not been defined by the General Assembly or the courts. It was concluded, however, in Opinion No. 88-162 (copy enclosed), in the absence of such a definition, that one might reasonably contend that a "job performance record" details the performance or lack of performance of the employee in question with regard to a specific incident or incidents.
A conclusive response to your question would, of course, require a review of the particular files. It has been stated that the exemption under A.C.A. § 25-19-105(c)(1) ". . . should not be construed to include agency-wide or departmental summaries of evaluations, statistical data, or other records based on individual evaluations but not identifying a particular employee." Watkins, The Arkansas Freedom of Information Act at 92 (1988).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb